CALEB TENNEY, Executor, *vs*. ENOCH POOR.

It is not necessary to the validity of a license granted to an executor by the probate court to sell real estate for the payment of debts, that the amount of debts should have been previously ascertained by judgment against the executor, or by commission of insolvency.

An executor is not required to give a special bond on being licensed to sell real estate for the payment of debts, unless authorized to sell more than is necessary for that purpose.

The probate court may license an executor to sell real estate sufficient to pay a larger sum than that represented in the petition to be the amount of debts and charges of administration.

An executor, licensed by the probate court to sell for the payment of debts certain real estate conveyed by his testator in fraud of creditors, may maintain a writ of entry to recover it, without first selling the other real estate of his testator.

WRIT OF ENTRY by the executor of the will of Enoch Mooers, to recover a parcel of land conveyed by him, a short time before his death, to the tenant, in fraud of creditors. Plea, nul disseisin.

At the trial in the superior court in Essex at September term 1859, before *Morton*, J., the demandant put in evidence the will; his own appointment as executor; the inventory returned by him to the probate court, in which the real estate was appraised at $420, including the demanded premises at $350, and the personal property was appraised at $60.34; a list of debts, amounting to $261.07, filed by him in the probate court; his petition to that court, representing " that the debts against the estate of said deceased, including allowances and supposed charges of administration, amount to $336.07, and that all his personal estate amounts to only $50.34," and praying that he might be empowered " to sell so much of the real estate of said deceased as shall be necessary, together with such personal estate, for the payment of said debts, allowances and charges of administra‧ tion, with incidental charges; " and an order of the probate court thereon, reciting " that the foregoing petition being duly considered, and it being made to appear that notice has been given according to order to all persons interested," and empowering and licensing him " to sell so much of the real estate of said Enoch Mooers, deceased, as will raise the sum of $410 for

payment of just debts against the estate of said deceased, including allowances and charges of administration with incidental charges." It was admitted that the other real estate included in the inventory had not been sold, and that there was no estate, real or personal, beyond that included in the inventory.

The tenant objected to the right of the demandant to main tain this action, on the following grounds :

1st. " That the list of debts and the representations by the executor were not competent or sufficient evidence of the condi tion of the estate, and the amount of debts due ; that the estate should have been declared insolvent, and the debts proved before a commission, and it then be made to appear that the personal property and the other real estate were insufficient to pay the same, before this action could be maintained ; or that other and further proof should be offered in this court of the existence and the amount of said debts ; that there were no debts shown to exist which the executor is now bound in law to pay, and for neglecting to pay which, if he had funds or could raise funds, he could be held upon his bond."

2d. " That the executor had not been ordered to give and had not given the bond required, where the whole of the real estate is ordered to be sold, a part only being required for the payment of debts.

3d. " That the license did not conform to the petition and notice, and was therefore irregular and void ; that it was in substance a license to sell the whole of the real estate of the testator, which was not prayed for, or set forth in the said petition to be necessary.

4th. " That till he had sold the other real estate belonging to the testator, it could not appear that this estate was required to pay debts, and it could not be determined for what amount judgment should be rendered in this action."

But the judge overruled all these objections, a verdict was taken for the demandant, and the tenant excepted.

*W. C. Endicott,* for the tenant.

*A. A. Abbott & J. P. Jones,* for the demandant.

This case was decided in June 1860.

METCALF, J.  The court do not sustain either of the objec-
tions made by the tenant to the validity of the license granted
to the demandant to sell his testator's real estate.

1. The petition for the license sets forth all that is required,
by the Rev. Sts. *c.* 71, § 3, to be set forth, and in a form which
was sanctioned by the decisions in *Yeomans* v. *Brown*, 8 Met. 51,
and *Norton* v. *Norton*, 5 Cush. 524 ; and the judge of probate
granted the petition, as he was authorized by the Rev. Sts.
*c.* 71, § 10, on being satisfied, by proof that the representations
therein made were correct.  The position taken by the tenant,
that the amount of the testator's debts should have been deter-
mined, either by a judgment against the executor, (the demand-
ant,) or under a commission of insolvency, is not supported by
principle or practice.  We recollect no instance, except that of
*Norton* v. *Norton*, in which the amount of the deceased's debts
had been thus conclusively settled before the granting of the
license.

2. This is a case in which the demandant's administration
bond is all that the law requires him to give.  An additional
bond is required only when a license is granted to sell more than
is necessary for the payment of the debts of the deceased.  Rev.
Sts. *c.* 71, §§ 4–6.  *Fay* v. *Valentine*, 8 Pick. 526.

3. There is no legal ground for the objection that the license
does not conform to the petition and notice.  It differs from the
petition only by empowering the demandant to sell real estate
sufficient to pay a somewhat larger sum than that which the
petition represented to be the amount of the debts and charges
of administration.  There was the same difference between the
petition and the license, in *Norton* v. *Norton*.  And it is too
plain for doubt, that a judge of probate is not restricted to the
granting of a license to sell to the exact amount, neither less
nor more, which the petitioner may represent to be necessary.

The case of *Verry* v. *McClellan*, 6 Gray, 535, cited for the
tenant, is wholly unlike this.  There the petition was for the
sale of the whole of a specifically described portion of the de-
ceased's real estate, because a sale of a part thereof would
greatly injure the residue.  The notice that was ordered and

given was to show cause why a license should not be granted for a sale of the whole of the deceased's real estate. License was thereupon granted for the sale of the whole of his estate; which license was held to be irregular and void, because neither it nor the notice conformed to the petition.

4. It is objected that the other real estate of the testator, of which he died seised, should have been sold before this action was brought, so that the court might be able to determine how much, if any, of the estate of which he was disseised, the demandant can now recover. The answer to this objection is found in the opinion of the court, given by Mr. Justice Dewey, in *Norton.* v. *Norton*, before cited. He there says, that under the general order to sell so much land as will raise a specified sum, to pay the debts of the deceased, " if the administrator brings his action to recover the real estate of the deceased, the effect of a judgment in his favor will be only to vest in him so much of the land as may be required to be sold to raise the necessary sum to pay the debts, as stated in his order; and that the object of the recovery being thus accomplished, the estate remaining will be the estate of the defendant. The court will order a qualified judgment in such cases, reciting the order of sale, and limiting the title to be acquired, under the judgment, to so much of the real estate described in the writ as shall be required to be sold at public auction, to raise the sum stated in the order of the probate court."

In this action, where only the validity of the license is in question, the court cannot decide any points that may hereafter be raised concerning the validity of a sale under the license.

*Exceptions overruled.*